**UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAFECO INSURANCE COMPANY OF AMERICA,        **2:08-cv-10545**

                                             **Hon. Robert E. Cleland**

          Plaintiff,

-vs-

O'HARA CORPORATION, O'HARA CORPORATION
PIPING, INC., ROSE STREET INVESTMENTS, LLC,
and SHAWN O'HARA, Individually,

          Defendants.

═══════════════════════════════════════════════════════════════

| | |
|---|---|
| **MARK S. HAYDUK   (P25850)** | **JOSEPH G. FABRIZIO (P60950)** |
| **HAYDUK, ANDREWS & BRUCKER, P.C.** | **FABRIZIO & BROOK, P.C.** |
| **Attorneys for Plaintiff** | **Attorneys for Defendants** |
| 615 Griswold St.,  Ste. 1515 | 888 W. Big Beaver Rd., Ste. 800 |
| Detroit,  MI  48226 | Troy, MI  48084 |
| 313/ 962-4500 | 248/ 362-2600 |
| Fax/ 964-6577 | Fax/ 269-8503 |
| mshayduk@haydukandrews.com | jgf@fabriziobrook.com |

─────────────────────────────────────────────────────────────

**JOHN E. SEBASTIAN**
**BARRY F. MacENTEE**
**ALBERT L. CHOLLET, III**
**HINSHAW & CULBERTSON**
**Attorneys for Plaintiff**
222 North LaSalle Street, Ste. 300
Chicago, IL  60601-1081
312/ 704-3000
Fax/ 704-3001

═══════════════════════════════════════════════════════════════

## <u>MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO RULE 12(F)</u>

      Plaintiff, SAFECO INSURANCE COMPANY OF AMERICA ("Safeco"), by Mark S. Hayduk of Hayduk, Andrews & Brucker, P.C., and pursuant to Fed. R. Civ. P. 12(f), hereby moves this Honorable Court to strike the affirmative defenses of Defendants, O'Hara Corporation, O'Hara Corporation Piping, Inc., Rose Street Investments, LLC and Shawn O'Hara (collectively "Defendants/Indemnitors").  In support of said Motion, Plaintiff states as follows:

      1.  Plaintiff relies upon the accompanying Brief in Support of Motion.

2. Plaintiff has sought defendants' concurrence in the relief sought in this motion by way of correspondence dated April 28, 2008 to defendants' counsel Joseph Fabrizio (Ex. A, attached hereto) and to date no response to such request has been received by the undersigned.

Wherefore, plaintiff respectfully requests that this Honorable Court strike defendants' affirmative defenses and grant such other relief as may be appropriate under the circumstances, including the taxation of costs for unreasonable withholding of concurrence..

## BRIEF IN SUPPORT OF MOTION

### Introduction

February 6, 2008, Safeco filed its Complaint in the instant matter against Defendants/ Indemnitors. (Said Complaint is attached hereto and incorporated herein as Exhibit "B"). Safeco's Complaint alleges, *inter alia*, that as Surety, it issued payment and performance bonds (collectively, "Bonds") at the request of and on behalf of O'Hara Corporation, as Principal, for construction projects which required said bonds pursuant to the Michigan Public Works Bond Act. Safeco's Complaint further alleges that it has received numerous claims against the Bonds it issued on behalf of O'Hara Corporation, that it has made payments on various claims, and despite making a demand, the Defendants/Indemnitors have not reimbursed Safeco. Count one of the Complaint alleges breach of contract against the Defendants/Indemnitors, and Count two pleads a cause of action for exoneration and *quia timet*. (See Ex. B).

On or about March 7, 2008, Defendants/Indemnitors filed their Answer to Safeco's Complaint and Affirmative Defenses (Said Answer to Complaint, including Affirmative Defenses is attached hereto and incorporated herein as Exhibit "C"). Defendants/Indemnitors' Affirmative Defenses consist of nine (9) separately numbered paragraphs, each of which consists

6310511v1 879472

of a single, wholly conclusory sentence with no supporting factual allegations.  Consequently, and as explained in greater detail below, Defendants/Indemnitors' affirmative defenses are inadequate under the Supreme Court's recent opinion of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and other controlling/relevant authorities.

**Rule 12(f) Standard of Review**

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike from any pleading an insufficient defense.  Fed. R. Civ. P. 12(f).  While Rule 12(f) motions to strike are generally disfavored, it is the appropriate procedure for attacking an affirmative defense "if the affirmative defense[ is] insufficient as a matter of law or present no questions of law or fact." *MAN Roland, Inc. v. Quantum Color Corp.*, 57 F.Supp.2d 576, 579 (N.D. Ill. 1999); *see United States v. Quadrini*, No. 2:07-CV-13227, slip op. at 3 (E.D. Mich. Dec. 6, 2007).  Motions to strike an affirmative defense are subject to the following three-part test: (1) whether the issue presented is appropriately stated as an affirmative defense; (2) whether the affirmative defense complies with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure; and (3) whether the affirmative defense is capable of withstanding a Rule 12(b)(6) analysis.  *Quadrini* at 3; *Williams v. Provident Investment Counsel, Inc.*, 279 F.Supp.2d 894, 904-905 (N.D. Ohio 2003); *Van Shouwen v. Connaught Corp.*, 782 F.Supp. 1240, 1245 (N.D. Ill. 1991).

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."  *Heller Financial*, 883 F.2d at 1294 (citing *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982)).  The United States Supreme Court recently explained that a plaintiff has an obligation to provide the grounds for its claimed entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65

6310511v1 879472

(2007).  This requires, according to the Court, "more than labels and conclusions" such that "a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Thus, even though Rule 8(a)(2) does not require a heightened level of pleading, it does require "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.  "Bare bones conclusory allegations" which fail to allege necessary elements of the claim are insufficient.  *Heller Financial*, 883 F.2d at 1295; *Quadrini* at 4.  Because the pleading standard enunciated in *Twombly* applies equally to plaintiffs and defendants, it also governs the adequacy of Defendants/Indemnitors' affirmative defenses in the instant matter.  *See id*.

Based upon the foregoing authorities, it is clear that Defendants/Indemnitors' wholly conclusory affirmative defenses are inadequate as plead, as they are entirely devoid of factual support.  Consequently, Safeco moves this court to strike Defendants/Indemnitors' affirmative defenses in their entirety pursuant to Rule 12(f).

**Conclusion**

Based upon the foregoing, Safeco respectfully requests this Court to strike Defendants/Indemnitors' Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f), and for any and all other relief deemed appropriate by this Court.

Respectfully submitted,

**HAYDUK, ANDREWS & BRUCKER, P.C.**      **JOHN E. SEBASTIAN**
                                          **BARRY MacENTEE**
                                          **ALBERT L. CHOLLET, III**
By:  __/S/   MARK S. HAYDUK  (P25850)__   **HINSHAW & CULBERTSON, LLP**
     615 Griswold, Ste. 1515              222 N. LaSalle Street, Ste. 300
     Detroit, MI 48226-3992               Chicago,  IL  60601-1081
     313/ 962-4500                        312/ 704-3111
     mshayduk@haydukandrews.com

Dated:  May 27, 2008

4

## CERTIFICATE OF SERVICE

*Mark S. Hayduk*, deposes and states that on May 27, 2008, he caused to be electronically filed, Plaintiff Safeco Insurance Company of America's Motion to Strike Affirmative Defenses pursuant to FRCP 12(f), and that such documents were electronically forwarded to counsel of record pursuant to court procedure.


_____/S/_MARK S. HAYDUK  (P25850)___
**Hayduk, Andrews & Brucker, P.C.**
615 Griswold, Ste. 1515
Detroit, MI 48226
313/ 962-4500
mshayduk@haydukandrews.com

5