**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAFECO INSURANCE COMPANY OF
AMERICA,

    Plaintiff,

v.                                                    Case No. 08-CV-10545

O'HARA CORPORATION, et al.,

    Defendants.
                                       /

**OPINION AND ORDER GRANTING PLAINTIFF'S**
**"MOTION TO STRIKE AFFIRMATIVE DEFENSES"**

Pending before the court is Plaintiff Safeco Insurance Company of America's "Motion to Strike Affirmative Defenses." Defendants have responded. The matter is thus fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, grant Plaintiff's motion.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-64 (2007) (holding a complaint must state "enough facts to state a claim to relief that is plausible on its face") states a principle that applies also in the context of a defendant asserting an affirmative defense. In this vein, the court requires attorneys to accept a continuing obligation to eliminate unnecessary boilerplate in their pleadings. The court, in its initial notice setting a scheduling conference, specifically admonishes counsel on this point, but the caution appears to have escaped Defendants' attention:

> Please attempt to narrow the issues in advance. This includes the elimination of frivolous claims or defenses. Prepare to withdraw without prejudice claims and defenses that are not *presently* sustainable under Rule 11 in view of evidence in hand (*see* Fed. R. Civ. P. Rule 16(c)(1)).

> Leave to add claims or defenses later is afforded "freely when justice so requires," to a diligent party who only later acquires facts needed to properly state a related claim or an affirmative defense (*see* Fed. R. Civ. P. 15(a)).  The court expects action on affirmative defenses where possible (*e.g.* a Rule 12(b)(6) affirmative defense should ordinarily generate an immediate motion to dismiss, not the mere boilerplate recitation among a list of possible defenses).

(3/26/08 Notice at 1 n.1.)  Boilerplate defenses clutter the docket and, further, create unnecessary work.  Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution.  The court is aware of only a limited class of defenses that are waived if not immediately asserted.  Rule 15 allows for appropriate amendments and counsel should therefore feel no need in this court to window-dress pleadings early for fear of losing defenses later.

Having reviewed the challenged affirmative defenses in this case, the court is persuaded that they are boilerplate and not *presently* sustainable.  The bulk of Defendants' response addresses *Twombly* and other case law, which the court does not find persuasive.[1]  The brief argument that addresses the merits of the asserted defenses in this case characterizes them as "short and plain statements of the nature of any and all defenses which may afford recovery based on the facts set forth in the instant action."  (Def.'s Resp. at 4.)  There is no analysis regarding the applicability of any of the individual affirmative defenses to Plaintiff's complaint.  This court requires

---

[1] To the extent that Defendants raise the timeliness of the motion to strike under Rule 12, the court notes that the same rule authorizes the court to act on its own.  *See* Rule 12(f)(1).

more than the assertion of any and all defenses that *may* apply.  Such defenses fall within the ambit of *Twombly* and this court's preferred practice as described in its notice of scheduling conference.  Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Strike Affirmative Defenses" is GRANTED.  Defendants' affirmative defenses are STRICKEN WITHOUT PREJUDICE, subject to appropriate amendment under Rule 15.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  June 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 25, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522