UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SAFECO INSURANCE COMPANY OF AMERICA,

    Plaintiff,

-vs-

O'HARA CORPORATION, O'HARA CORPORATION
PIPING, INC., ROSE STREET INVESTMENTS, LLC,
and SHAWN O'HARA, Individually,

    Defendants.

---

**MARK S. HAYDUK (P25850)**
**HAYDUK, ANDREWS & BRUCKER, PC**
**Attorneys for Plaintiff**
615 Griswold St., Ste. 1515
Detroit, MI 48226
313/962-4500
Fax/964-6577
mshayduk@haydukandrews.com

---

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, SAFECO INSURANCE COMPANY OF AMERICA ("Safeco"), by Mark S. Hayduk of Hayduk, Andrews & Brucker, P.C. submits its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a) and attached Brief in Support of Motion for Summary Judgment pursuant to E.D. Mich. LR 7.1(c) against Defendants, O'HARA CORPORATION, O'HARA CORPORATION PIPING, INC., ROSE STREET INVESTMENTS, LLC, and SHAWN O'HARA, Individually (hereinafter collectively referred to as "Defendant Indemnitors," "Defendants" and/or "Indemnitors").

For all of the reasons set forth in its Brief in Support of Plaintiff's Motion for Summary Judgment, Safeco is entitled to summary judgment against the Indemnitors pursuant to written General Agreement of Indemnity of December 9, 2004 (hereafter "Indemnity Agreement") between the parties. Defendants are liable to Safeco for all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature incurred by Safeco in its investigation of claims and/or discharge of claims under any and all bonds issued by Safeco in exchange for Defendant Indemnitors' execution of the aforesaid Indemnity Agreement. Safeco is entitled to a full posting of collateral for loss payments and expenses paid and expected to be paid in discharging its obligations pursuant to any and all payment and performance claims asserted against the Bonds. The record is devoid of any genuine issues of material fact that would preclude summary judgment in favor of Safeco for all relief sought above and as otherwise referenced in Safeco's Complaint filed in the instant matter.

Additionally, pursuant to LR 7.1, Safeco unsuccessfully sought concurrence through conferences with counsel for Defendant Indemnitors for a consent judgment awarding the relief sought in the instant motion, and said conferences explained the legal and factual grounds by which Safeco is entitled to said relief.

WHEREFORE, Safeco Insurance Company of America requests this Honorable Court to enter summary judgment in its favor and against Defendant Indemnitors pursuant to Fed. R. Civ. P. 56(a), and for any and all other relief deemed appropriate by this Court, for all of the foregoing reasons.

                Respectfully submitted,
                **HAYDUK, ANDREWS & BRUCKER, P.C.**

                By:_____
                    MARK S. HAYDUK (P25850)
                    615 Griswold, Ste. 1515
                    Detroit, MI 48226
                    (313) 962-4500

Dated: September 22, 2008

## UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SAFECO INSURANCE COMPANY OF AMERICA,

        Plaintiff,

-vs-

O'HARA CORPORATION, O'HARA CORPORATION PIPING, INC., ROSE STREET INVESTMENTS, LLC, and SHAWN O'HARA, Individually,

        Defendants.

---

**MARK S. HAYDUK (P25850)**
**HAYDUK, ANDREWS & BRUCKER, PC**
**Attorneys for Plaintiff**
615 Griswold St., Ste. 1515
Detroit, MI 48226
313/962-4500
Fax/964-6577
mshayduk@haydukandrews.com

---

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

### I.    CONCISE STATEMENT OF LEGAL ISSUES PRESENTED

1. In accordance with the provisions of the December 9, 2004 Indemnity Agreement between Plaintiff Safeco and Defendant Indemnitors, are liable to indemnify and/or exonerate Safeco as a matter of law for any and all losses, expenses, fees, and/or interest that Safeco has incurred in connection with claims it has received and/or will receive under the Payment and/or Performance Bonds it issued on behalf of O'Hara Corporation for the following: a) Anchor Bay School District – Middle School North Additions Project; b) Detroit Institute of Arts Project; and c) Detroit Public Schools – FLICS Project?

2. Assuming the answer to legal issue number 1 is yes, what amount of damages is Safeco entitled to?

## II.   CONTROLLING AUTHORITIES

The instant action involves a matter in controversy between Plaintiff Safeco, a Washington corporation with its principal place of business located in Seattle, Washington, and the Defendant Indemnitors, who in turn consist of Michigan corporations (O'Hara Corporation and O'Hara Corporation Piping, Inc.), a Michigan limited liability corporation (Rose Street Investments, LLC) and a Michigan citizen (Shawn O'Hara).[1] The court has jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1), and venue is proper in this Court under 28 U.S.C. §1391(a) because the Defendant/Indemnitors reside in this District.[2]

A federal court sitting in diversity applies the law, including the choice of law rules, of the forum state. *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). The Michigan Supreme Court previously endorsed the approach found in the Restatement (Second) of Conflict of Laws. *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 528 N.W.2d 698, 702 (1995). Under this approach, Michigan courts "balance the expectations of the parties to a contract with the interests of the states involved to determine which state's law to apply." *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 705 (6th Cir. 2005). In the absence of an effective choice of law by the parties..., the contacts to be taken into account... to determine the law applicable to an issue include:

   (a)   the place of contracting;

   (b)   the place of negotiation of the contract;

   (c)   the place of performance;

---

[1]   *See* Complaint, attached hereto and incorporated herein by reference as Exhibit A, ¶¶ 1-5.

[2]   *See* Ex. A, ¶¶ 6-7.

    (d)    the location of the subject matter of the contract; and

    (e)    the domicile, residence, nationality, place of incorporation and place of business of the parties.

*Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 302 (6th Cir. 2007) (citing Restatement (Second) of Conflict of Laws §188(2) (1971)).

In light of the fact that the Defendant/Indemnitors reside in, do business in, are incorporated in and/or are otherwise located in the State of Michigan,[3] and in light of the fact that the project owners and corresponding construction projects giving rise to Safeco's liability under the various Payment and Performance Bonds it issued on behalf of O'Hara Corporation are also located in the State of Michigan,[4] it is clear that Michigan has more significant contacts with the subject matter and issues presented by the instant litigation than any other state. Therefore, consistent with the foregoing authorities, the authorities which control the instant dispute find their source in the substantive law of the State of Michigan, and as more fully set forth below in Section IV. *Id.*

### III. BACKGROUND AND UNDISPUTED FACTS

Safeco is in the business of issuing surety bonds to various entities guaranteeing, among other things, their performance and payment obligations for construction projects.[5] Safeco issued payment and performance bonds (the "Bonds") at the request of and on behalf of O'Hara Corporation, as principal, in favor of: 1) Anchor Bay, Michigan as obligee, in connection with the renovation and construction of the Middle School North Project - Bond No. 6359305; 2)

---

[3]    *See* Ex. A, ¶¶1-5.

[4]    *See* Ex. A, ¶¶8,9; Affidavit of Caryn Mohan-Maxfield, attached hereto and incorporated herein as Exhibit "B," ¶2.

[5]    *See* Ex. B, ¶ 2.

Jenkins/Walbridge, as obligee, in connection with renovations and construction at the Detroit Institute of Arts ("DIA") – Bond No. 6359277; and 3) Detroit Public Schools, in connection with renovation and construction of the FLICS Middle School (existing Renaissance School) in Detroit, Michigan – Bond No. 6324198.[6] (Hereinafter in this Affidavit, these three construction projects will be collectively referred to as the "Projects." Copies of the Bonds for the aforementioned Projects are attached hereto and incorporated herein by reference as Group Exhibit B1).

Safeco's Principal, O'Hara Corporation, entered into contracts with the owners and/or construction managers of each of the foregoing Projects to perform construction, renovations and/or improvements located upon the premises of said Projects.[7] Each of the aforementioned project owners/obligees for the respective Projects required that O'Hara Corporation obtain and provide payment and performance surety bonds in accordance with Michigan law, including the Michigan Mechanics Lien and Trust Fund Acts and/or other applicable, controlling authorities, including but not limited to M.C.L.A. §129.201, *et. seq.*, §570.101, *et. seq.*, §570.151, *et. seq.* and/or §570.1101, *et. seq.*[8] The Bonds secured the obligations of O'Hara Corporation to perform the required work and to pay for labor and materials required for the completion of the Projects.[9]

---

[6] *See* Ex. B, ¶2. *See also* Defendants' Responses to Plaintiff's Request to Admit dated September 5, 2008 which, along with Safeco's Request to Admit, are attached hereto and incorporated herein by reference as Group Exhibit "C", ¶¶5-6.

[7] *See* Ex. B, ¶2; Ex. C, ¶5.

[8] *See* Ex. B, ¶2.

[9] *See* Ex. B, ¶2.

In consideration of the issuance of the Bonds, Defendants O'Hara Corporation, O'Hara Corporation Piping, Inc., Rose Street Investments LLC and Shawn O'Hara, individually, entered into a General Agreement of Indemnity for Contractors (hereinafter "Indemnity Agreement") on or about December 9, 2004.[10] Safeco, as Surety, required that the Indemnitors execute the Indemnity Agreement as a condition for Safeco issuing each of the aforementioned Bonds on behalf of its Principal, O'Hara Corporation, in connection with the construction projects referenced in the preceding paragraphs.[11] O'Hara Corporation and the other party defendant/indemnitors entered into a General Indemnity Agreement with Safeco on or about December 9, 2004.[12]

In the Indemnity Agreement, the Indemnitors agreed to indemnify Safeco for all loss, costs and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees, consultant fees, investigative costs and any other losses, costs or expenses incurred by Safeco, as Surety, by reason of having executed any Bond, or incurred by it on account of any Default under the Indemnity Agreement.[13] They also agreed, pursuant to the Indemnity Agreement, to pay Safeco interest on all disbursements made by Safeco in connection with any such loss, costs and expenses...at the maximum rate permitted by law calculated from the date of each disbursement, and to provide collateral to Safeco to secure any claims on the Bonds.[14] The

---

[10] *See* Indemnity Agreement attached hereto and incorporated herein by reference as Exhibit "B2". *See also* Ex. C, ¶¶1-4.

[11] *See* Ex. B, ¶¶4-5; Ex. C, ¶¶7-8.

[12] *See* Ex. B, ¶4; Ex. B2; Ex. C, ¶7.

[13] *See* Ex. B, ¶6; Ex. B2, p.1.

[14] *See* Ex. B, ¶6; Ex. B2, p.1.

Indemnitors agreed that Safeco had the exclusive right for itself and the Indemnitors to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.[15] The Indemnity Agreement further provides that "[a]n itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be *prima facie* evidence of the fact and extent of the liability of the Defendants to Safeco in any claim or suit by Safeco against Defendants.[16]

After Defendant Indemnitors executed the Indemnity Agreement, Safeco was sued and/or received bond claims against the payment and performance bonds issued for the Projects.[17] Safeco notified the Defendants of the claims relating to the Projects and requested that the Defendants comply with the terms of the Indemnity Agreement by holding Safeco harmless from claims and post collateral for the claims.[18] The Defendants have failed to indemnify Safeco, to comply with the terms of the Indemnity Agreement and to post collateral.[19]

As of August 2008, and pursuant to its obligations arising under the aforementioned Bonds, Safeco has already paid the sum of $423,379.74 to discharge its obligations under the Bonds, which is comprised of: 1) $340,544.20 in total claim payments made; 2) $84,929.03 in total expense payments; and 3) less recoveries made of $2,093.49.[20] In addition to the foregoing claims and related expenses paid or incurred to date, Safeco believes it faces additional exposure

---

[15]   See Ex. B, ¶8; Ex. B2, p. 1.
[16]   *See* Ex. B, ¶8; Ex. B2, p.1.
[17]   *See* Ex. B, ¶9.
[18]   *See* Ex. B, ¶15.
[19]   *See* Ex. B, ¶15.
[20]   *See* Ex. B, ¶10.

9

in the sum of $233,553.24 in pending and potential bond claims the three Projects.[21] Safeco further anticipates additional legal and consulting fees and expenses due to the pendency of these additional claim payments and pending litigation involving the Bonds, and believes that it may receive additional claims that it will be legally obligated to investigate and/or pay.[22] To date, Safeco has not been reimbursed by its Indemnitors.[23]

After Safeco began to receive claims against the Bonds it issued on behalf of O'Hara Corporation in connection with the Anchor Bay project, Safeco filed its Complaint in the instant action on or about February 6, 2008.[24] Count I alleges a cause of action for breach of contract against the Defendants/Indemnitors in connection with the aforementioned Indemnity Agreement, whereby Defendants/Indemnitors are to indemnify Safeco for any and all losses, legal/consulting fees, expenses, etc., that Safeco incurs in connection with claims that are asserted against the Bonds issued on behalf of O'Hara Corporation. Count II asserts a cause of action for exoneration and *quia timet* in connection with its rights under the Indemnity Agreement.[25]

As the attached exhibits to the instant motion[26] and following authorities demonstrate, there is no genuine issue of material fact in the record that would preclude the entry of summary judgment in favor of Safeco and against the Defendants/Indemnitors on Counts I and II of

---

[21] *See* Ex. B, ¶11.

[22] *See* Ex. B, ¶14.

[23] *See* Ex. B, ¶15.

[24] *See* Ex. A.

[25] *See* Ex. A.

[26] *See* Ex. B, Gr. Ex. B1, Ex. B2, Ex. B3, Gr. Ex. C, generally.

Safeco's Complaint. Safeco therefore moves for summary judgment on Counts I and II of its Complaint for all of the reasons set forth in the instant Brief in Support of Plaintiff's Motion for Summary Judgment.

## IV. ARGUMENT

Safeco is entitled to summary judgment as a matter of law. The undisputed facts show that the Indemnitors agreed, in writing, to indemnify and hold harmless Safeco from any losses it might incur in connection with the Bonds and to post collateral sufficient to secure Safeco from losses.[27] Defendants have failed to do so and, as a result, Safeco has been required to expend monies in order to discharge its obligations under the Bonds.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* Disputes over material facts are genuine only if evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to

11

establish the existence of an element essential to its case and on which the party will bear the burden of proof at trial. *Anderson*, 477 U.S. at 252.

Summary judgment is an appropriate method of resolving disputes concerning indemnification agreements. *United States Fidelity & Guaranty Co. v. Feibus*, 15 F.Supp.2d 579, 581(M.D. Pa. 1998) *citing Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201 (5th Cir. 1996); *Commercial Ins. Co. of Newark v. Pacific-Peru Constr. Corp.*, 558 F.2d 948 (9th Cir. 1977); *Continental Cas. Co. v. American Sec. Corp.*, 443 F.2d 649 (D.C. Cir. 1970).

### A. SAFECO IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE DEFENDANTS HAVE FAILED TO COMPLY WITH THE TERMS OF THE INDEMNITY AGREEMENT.

The Indemnity Agreement entered into by the parties in this case is valid and enforceable. There is no dispute that the Defendants entered into and voluntarily agreed to the terms of the Indemnity Agreement[28] and that the terms are clear and unambiguous. The Indemnitors agreed to indemnify Safeco as surety and pay surety upon demand "all loss, costs and expenses of whatsoever kind and nature including court costs, reasonable attorney fees...consultant fees, investigative costs and any other losses, costs or expense incurred by Surety by reason of having executed any Bond or incurred by it on account of any Default under this agreement by any of the Undersigned."[29] There is no dispute that the Indemnity Agreement further provides that the Indemnitors agreed to, upon demand, deliver to Safeco collateral security acceptable to Safeco to cover any contingent losses and any subsequent increase thereto.[30]

---

[28]   *See* Ex. B, ¶¶1-5; Gr. Ex. C, ¶¶1-4, 7-8.

[29]   *See* Ex. B2, p.1.

[30]   *See* Ex. B2, pp.1-2.

12

Safeco has paid money to the Obligees as a result of O'Hara Corporation's failure to perform its contractual obligations; has incurred expenses including consulting and attorneys fees; and anticipates it will incur additional fees and costs, as a result of having executed the Bonds in this case.[31] There is no dispute that to date, Defendant Indemnitors have not fully indemnified Safeco for such losses, expenses, fees and/or costs, despite Safeco's demand.[32]

It is well settled in Michigan that indemnity agreements entered into between a principal and surety are valid and enforceable. The right of indemnification may arise from an express contract. *Hubbell, Roth & Clark, Inc. v. Jay Dee Contractors, Inc.*, 249 Mich.App. 288, 291, 642 N.W.2d 700 (2001). An indemnification contract involves the promise of the indemnitors (in this case, Goldstein Enterprises, Goldstein, Swendsen and Smith) to compensate the indemnitee (North American) for the indemnitee's losses suffered on the indemnitors' behalf. *In re V. Pangori & Sons, Inc.*, 53 B.R. 711, 715 (Bankr.E.D.Mich. 1985). *See generally, Langley v. Harris Corporation*, 413 Mich. 592, 596, 321 N.W.2d 662 (1982) ("[i]ndemnity relates to the obligation of one person or entity to make good a loss another has incurred while acting for its benefit or at its request").

The ordinary rules of contract construction apply to indemnity contracts. *Title Guaranty & Surety Co. v. Roehm*, 215 Mich. 586, 592, 184 N.W. 414 (1921). "A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be enforced as written." *Rory v. Continental Ins. Co.*, 473 Mich. 457, 468, 703 N.W.2d 23 (2005) (emphasis in original). *See Edison Sault Elec. Co. v. Manistique Pulp & Paper Co.*, 278 Mich.

---

[31] *See* Ex. B generally.
[32] *See* Ex. B, ¶15; Gr. Ex. C, ¶¶ 15, 16, 18.

592, 596, 270 N.W. 799 (1937) ("if the terms of a contract are expressed in words of such clear and definite meaning that there is no ambiguity, in the absence of fraud or mistake . . . the terms of the contract control"). Thus, "[a] contract of indemnity should be construed so as to cover all losses, damages, or liabilities to which it reasonably appears to have been the intention of the parties that it should apply, but not to extend to losses, damages, or liabilities which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract." *Roehm*, 215 Mich. At 592, 184 N.W. 414 (internal quotes omitted). The Sixth Circuit Court of Appeals has also recognized that indemnity agreements entered into between a principal and surety are valid and enforceable. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 341 (6th Cir. 2007); *Transamerica Ins. Co. v. Bloomfield*, 401 F.2d 357, 362 (6th Cir. 1968).

Defendants have breached the terms of the Indemnity Agreement by failing to indemnify Safeco from claims asserted against the Bonds. Defendants have further breached the Indemnity Agreement by failing to post sufficient collateral as agreed. As a matter of law, pursuant to the terms of the Indemnity Agreement there is no dispute that the Indemnitors are liable to Safeco for all of Safeco's loss payments, costs and expenses less recoveries incurred to date in the amount of $423,379.74.[33]

---

[33] *See* Ex. B, ¶¶6-15.

14

### B. THE AFFIDAVIT SUBMITTED BY SAFECO AND EXHIBITS THERETO CONSTITUTE *PRIMA FACIE* EVIDENCE OF THE INDEMNITORS' LIABILITY TO SAFECO.

The Indemnitors agreed that they would be liable for any payments sworn to by Safeco.[34] Appended to the instant Motion as Exhibit B (including exhibits thereto) is Affidavit of Caryn Mohan-Maxfield of Safeco, attesting to the losses and expenses incurred by Safeco in connection with the bonds Safeco issued on behalf of Defendant Indemnitors. Ms. Mohan-Maxfield has testified that as of August, 2008, Safeco's net loss is $423,379.74 losses and expenses that Safeco has incurred in connection with investigating and resolving Bond claims and in enforcing the terms of the Indemnity Agreement.[35] Pursuant to the Indemnity Agreement, Ms. Mohan-Maxfield's Affidavit is *prima facie* evidence of the fact and amount of the Indemnitors' liability to Safeco.

The Michigan courts and multiple other jurisdictions have held that a *prima facie* evidence provision, which is the same provision contained in the Indemnity Agreement, satisfies the burden of a surety proving its damages and costs. *See North American Specialty Ins. Co. v. Goldstein Enterprises, LLC,* 2008 WL 820351 at *3-5 (W.D. Mich. 2008) (applying Michigan law and recognizing validity of prima facie evidence provision of indemnity agreement).[36] In the

---

[34] *See* Ex. B, ¶¶6,8.

[35] *See* Ex. B, ¶10.

[36] In *U.S. Fidelity and Guar. Co. v. Klein,* 190 Ill.App.3d 250, 258, 558 N.E.2d 1047, 1052 (Ill. App. Ct. 1990), the Illinois Appellate Court affirmed the trial Court's determination of the surety's damages, stating that the evidence produced by the surety was *prima facie* and satisfied the surety's burden of proof for damages. The appellate court affirmed the trial court's finding that, despite the indemnitors' unsupported allegations that the surety acted unreasonably and in bad faith, the surety's vouchers were proof of the fact and amount of the indemnitors' liability to the surety. *See also, Fidelity & Deposit Co. v. Refine Constr. Co.,* No. Civ. A 83-6894, 1984 WL 536 (June 27, 1984), *modified,* 1984 WL 19467 (S.D. N.Y Aug. 24, 1984); *American Motorists*

instant case, the Indemnity Agreement provides that, with respect to claims made against Safeco, the Indemnitors agreed that: "An itemized statement of loss and expense incurred by [Safeco], sworn to by an officer of [Safeco], shall be prima facie evidence of the fact and extent of the liability of [the Indemnitors] to [Safeco] in any claim or suit by [Safeco] against [the Indemnitors]."[37] As testified to by Ms. Mohan-Maxfield, Safeco has incurred $423,379.74 in un-reimbursed losses and expenses that Safeco expended in investigating and resolving Bond claims and in enforcing the terms of the Indemnity Agreement.[38] Pursuant to the Indemnity Agreement, as a matter of law, Ms. Mohan-Maxfield's Affidavit is therefore *prima facie* evidence of the amount of the Indemnitors' liability to Safeco. As a matter of law, based upon the terms of the Indemnity Agreement and Ms. Mohan-Maxfield's Affidavit, the Indemnitors are liable to Safeco in the amount of $1,523,317.56, plus all accrued interest.

### C. SAFECO IS ENTITLED TO COLLATERAL POSTING.

Consistent with the authorities referenced above and as further set forth below, Safeco is entitled to summary judgment and an order requiring Defendants to post collateral based on its contractual rights under the terms of the Indemnity Agreement as well as Safeco's common law right of exoneration which is further supported by the common law remedy known as *quia timet*.

---

*Ins. Co. v. United Furnace Co.*, 699 F.Supp. 46, 49 (S.D.N.Y. 1988), *rev'd on other grounds*, 876 F.2d 293 (2d Cir. 1989); *Int'l Fidelity Ins. Co. v. United Constr. Inc.*, No. Civ. A 912-361, 1992 WL 111368 (E.D. Pa. May 15, 1992); *Curtis T. Bedwell & Sons Inc. v. Int'l Fidelity Ins. Co.*, No. Civ. A 83-5733, 1989 WL 55388 (E.D. Pa. May 23, 1989); *Fidelity & Deposit Co. v. Wu*, 552 A.2d 1196 (Vt. 1988); *Fidelity & Deposit Co. v. Fowler*, No. Civ. A 86-2142, 1986 WL 13147 (E.D. La. Nov. 10, 1986); *Amwest Surety Ins. Co. v. Szabo*, 2003 WL 21789033 (N.D. Ill. July 23, 2003); *Project Update 1995: Illustrative Provisions of a General Indemnity Agreement Taken in Connection with Contract Surety Bonds*, International Association of Defense Counsel, 62 Def.Couns.J. 259, 270-71 (1995).

[37] *See* Ex. B, ¶ 8.
[38] *See* Ex. B, ¶ 10.

RESTATEMENT (THIRD) OF LAW, SURETYSHIP & GUARANTY §21(1)(b), comments *j* and *k*; *Western Casualty and Surety Co. v. Biggs*, 217 F.2d 163 (7th Cir. 1954); *Morley Const. Co. v. Maryland Casualty Co.*, 90 F.2d 976 (8th Cir. 1937). Under a collateral security provision like the one included in the Indemnity Agreement, courts have granted summary judgment on the issue of specific performance of the provision. *United States Fidelity & Guaranty Co. v. Feibus*, 15 F. Supp. 2d 579, 588 (M.D. Pa. 1998); *American Motorists Insurance Co. v. United Furnace Co.*, 876 F. 2d 293, 302 (2nd Cir. 1989). Once a surety receives a demand on its bond, the principal must provide the surety with funds which the surety is to hold in reserve. *Feibus*, 15 F.Supp. at 588 *citing Safeco Ins. Co. of America v. Schwab*, 739 F.2d 431, 433-434 (9th Cir. 1984) (Indemnity agreement with surety should be construed as requiring provision of collateral security upon demand by surety and prior to actual bond loss.) These collateral security clauses have routinely been upheld. *Feibus*, 15 F.Supp. at 588 *relying on Tennant v. United States Fidelity & Guaranty Co.*, 17 F.2d 38 (3rd Cir. 1927); *United Bonding Ins. Co. v. Stein*, 273 F.Supp. 929 (E.D. Pa. 1967); *American Motorists Insurance Co. v. United Furnace Co.*, 876 F. 2d at 301-302.

Here, Safeco has already incurred actual losses but also seeks collateral security to cover expected, potential losses in the amount of $233,553.24. Courts have upheld collateral security provisions and directed specific performance of the obligation in favor of the surety that had yet to suffer any damages or make any payments under its bond. *Eakin v. Continental Illinois National Bank and Trust Company of Chicago*, 121 F.R.D. 363, 366 (N.D. Ill. 1988); *see Ticor Title Ins. Co. v. Middle Street Office Tower A Associates*, 768 F. Supp. 390, 391-392 (D. Me. 1991) (granting summary judgment on count seeking specific performance of contract "....as a

17

remedy for breach of an indemnity agreement when it is in the nature of a collateral security agreement."); *Safeco Insurance Co. v. Criterion Investment Corp.*, 732 F. Supp. 834, 843 (E.D. Tenn. 1989) (Surety was entitled to collateral security to protect it from prospective losses under litigation bond.)

In granting a motion for summary judgment to enforce the terms of an indemnity agreement that contains a promise to provide collateral security prior to an actual bond loss, the courts have looked to the express language of the indemnity agreement to determine what triggers the surety's right to properly demand collateral security and obtain specific performance of that obligation. *American Motorists Insurance Co. v. Pennsylvania Beads Corp.*, 983 F. Supp. 437, 440 (S.D.N.Y.1997); *United Furnace Co.*, 876 F.2d at 299-300. In both *Pennsylvania Beads* and *United Furnace Co.*, the court analyzed an indemnity agreement which provided that "Any demand upon [Surety] by the [United States] shall be sufficient to conclude that a liability exists and [Principal] shall then place [Surety] with sufficient funds as collateral security to cover the liability." *Pennsylvania Beads*, 983 F. Supp. at 440; *United Furnace Co.*, 876 F.2d at 299. In both cases, the court determined whether the necessary triggering event had occurred, i.e., a demand by the United States under the principal's bond. *Pennsylvania Beads*, 983 F. Supp. at 440; *United Furnace Co.*, 876 F. 2d at 301. Finding that the necessary triggering event had taken place, the court then enforced the express terms of the indemnity agreement and granted summary judgment to the surety on its claim for specific performance of the principal's collateral security obligation. *Pennsylvania Beads*, 983 F. Supp. at 440; *United Furnace Co.*, 876 F.2d at 302.

As demonstrated above, other jurisdictions have upheld collateral security provisions and indemnity obligations and have granted summary judgment to sureties seeking to enforce those agreements. *Western Casualty and Surety Co. v. Biggs*, 217 F.2d 163 (7th Cir. 1954); *Eakin v. Continental Illinois National Bank and Trust Company of Chicago*, 121 F.R.D. 363, 366 (N.D. Ill. 1988); *United Fire & Casualty. Co. v. Coggeshall Constr. Co., Inc.*, No. 91-3159, 1991 WL 169147 (C.D. Ill). June 28, 1991). In *Coggeshall Constr. Co., Inc.*, the court granted a temporary restraining order requiring Indemnitors of a surety to post collateral to secure the surety from losses relying on the common law doctrine of *quia timet* as applied by the Seventh Circuit in *Western Casualty & Surety Company v. Biggs*. The *Coggeshall Constr. Co., Inc* court also upheld enforcing the collateral posting provision of the indemnity agreement:

> "In the circumstances, the Court finds that Plaintiff Surety is entitled to specific performance of the indemnity agreement provision cited above [requiring posting collateral]. The Court further finds that the rendition of a judgment for money damages at the end of the case without according Plaintiff Surety the relief of specific performance pursuant to the cited provision of the indemnity agreement is not an adequate remedy and would irreparably harm Plaintiff Surety by depriving it of pre-judgment relief to which it is contractually entitled."

*Id.* at *2 citing, *Doster v. Continental Casualty Co.*, 105 So.2d 83 (Ala. 1959); *Milwaukee Constr. Co. v. Glens Falls Ins. Co.*, 367 F.2d 964 (9th Cir. 1966); *United Bonding Ins. Co. v. Stein*, 273 F.Supp. 929 (E.D. Pa. 1967) and *Safeco Ins. Co. v. Schwab*, 739 F.2d 431 (9th Cir. 1984).

Similarly, here, based upon the claims asserted on the Bonds, Safeco has already made loss and expense payments and has established a reserve against future likely losses and

expenses under the bonds.[39] Defendants have failed and refused to comply with this demand.[40] As a matter of law, Safeco is entitled to summary judgment on the issue of specific performance of the collateral security obligations of the Indemnity Agreement by the Defendants, and Defendants are therefore required to post additional collateral with Safeco to cover its potential exposure on pending and/or future claims in the amount of $233,553.24.[41]

## VI. CONCLUSION

WHEREFORE, Plaintiff, Safeco Insurance Company of America, prays that this Honorable Court enter an Order granting summary judgment in its favor and against Defendant Indemnitors pursuant to Rule 56 of the Federal Rules of Civil Procedure, and that said judgment include the following relief:

A. Judgment of liability jointly and severally as to all Defendants on all Counts of the Complaint.

B. Judgment for the amount of claims and expenses, less recoveries, paid by Safeco as of August, 2008 - $423,379.74.

C. Judgment requiring Defendants to post cash collateral in the amount of $233,553.24 to be held by Safeco to cover pending and future bond claims.

Respectfully submitted,

**HAYDUK, ANDREWS & BRUCKER, P.C.**

By: /s/ Mark S. Hayduk
MARK S. HAYDUK (P25850)
615 Griswold, Ste. 1515
Detroit, MI 48226
mshayduk@haydukandrews.com
(313) 962-4500

Dated: September 22, 2008

---

[39] *See* Ex. B, ¶¶10-11,14.

[40] *See* Ex. B, ¶15; Gr. Ex. C, ¶¶15,16,18.

[41] *See* Ex. B, ¶¶6,7.

6349173v1 3670